

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MAY 18 2022

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

| UNITED STATES OF AMERICA | |
|---|---|
| v. | Criminal No. 2:22-cr-129 |
| SEAN RYAN MCKENZIE | [UNDER SEAL] |

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Cindy K. Chung, United States Attorney for the Western District of Pennsylvania, and Heidi M. Grogan, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A federal grand jury returned a two-count Indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Production and Attempted Production of Material Depicting the Sexual Exploitation of a Minor<br>June 8, 2021 | 18 U.S.C. §§ 2251(a) and (e) |
| 2 | Possession of Material Depicting the Sexual Exploitation of a Minor<br>March 1, 2022 | 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2) |

### II. ELEMENTS OF THE OFFENSES

**A.   As to Count One:**

In order for the crime of Production and/or Attempted Production of Material Depicting the Sexual Exploitation of a Minor, in violation of 18 U.S.C. §§ 2251(a) and (e), to be

established, the government must prove all of the following essential elements beyond a reasonable doubt:

    1.    That the defendant employed, used, persuaded, induced, enticed or coerced a minor to engage in sexually explicit conduct, or attempted to do so, as those terms are defined in Title 18, United States Code, Section 2256.

Title 18, United States Code, Section 2251(a).

    2.    That the defendant intended that the minor engage in sexually explicit conduct.

Title 18, United States Code, Section 2251(a).

    3.    That the purpose for using, persuading, inducing or enticing the minor to engage in such conduct, or attempting to do so, was to produce a visual depiction of such conduct.

Title 18, United States Code, Section 2251(a).

    4.    That the defendant knew or had reason to know that such visual depiction would be transported or transmitted using any means or facility of interstate commerce or in and affecting interstate or foreign commerce or mailed, or that such visual depiction was produced or transmitted using materials that were mailed, shipped, or transported in and affecting interstate and foreign commerce by any means, including by computer, or that the visual depiction was transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate commerce or mailed.

Title 18, United States Code, Section 2251(a).

**B.     As to Count Two:**

In order for the crime of Possession of Material Depicting the Sexual Exploitation of a Minor, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.   That the defendant knowingly possessed one or more items which contained a visual depiction of a minor engaging in sexually explicit conduct.

Title 18, United States Code, Section 2252(a)(4)(B).

2.   That the item which contained the visual depiction had been mailed, transported or shipped in interstate commerce, or had been produced using materials which had been mailed or transported or shipped in interstate commerce.

Title 18, United States Code, Section 2252(a)(4)(B).

3.   That the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, as those terms are defined in Title 18, United States Code, Section 2256.

Title 18, United States Code, Section 2252(a)(4)(B).

4.   That the images involved prepubescent minors or minors who have not attained 12 years of age.

Title 18, United States Code, Section 2252(b)(2).

### III. PENALTIES

**A.     As to Count One: Production and/or Attempted Production of Material Depicting the Sexual Exploitation of a Minor (18 U.S.C. §§ 2251(a) and (e)):**

1.   Imprisonment of not less than fifteen (15) years, nor more than thirty (30) years, but if such person has a prior conviction under Title 18, United States Code, Chapter 110, Chapter 71, Chapter 109A, Chapter 117, or under Section 920 of Title 10 or under the laws of any

state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or sex trafficking of children, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be imprisoned for not less than twenty-five (25) years, nor more than fifty (50) years, but if such person has two or more such prior convictions, such person shall be imprisoned not less than thirty-five (35) years, nor more than life (18 U.S.C. § 2251(d)).

    2.    A fine of $250,000.00 (18 U.S.C. § 3571(b)(3)).

    3.    Supervised release for any term of years not less than five (5) years, or life (18 U.S.C. § 3583(k)).

    4.    Any or all of the above.

**B.    As to Count Two: Possession of Material Depicting the Sexual Exploitation of a Minor (18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2)):**

    1.    Imprisonment of not more than ten (10) years, but if any image of child pornography involved in the offense involved a prepubescent minor or a minor who had not attained 12 years of age, the defendant shall be imprisoned for not more than 20 years, or if the defendant has a prior conviction (Title 18, United States Code, Chapter 110, Chapter 71, Chapter 109A, Chapter 117 or under Section 920 of Title 10) or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be imprisoned not less than 10 years nor more than 20 years.

    2.    A fine of $250,000.00 (18 U.S.C. §3571(b)(3)).

    3.    Supervised release for any term of years not less than five (5) years, or life (18 U.S.C. § 3583(k)).

    4.    Any or all of the above.

### IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

With respect to Counts One and Two, an additional special assessment of $5000.00 must be imposed at each count upon which the defendant is convicted, as the offenses were committed after May 29, 2015, and the offenses are located within Chapter 110 of Title 18, United States Code. 18 U.S.C. § 3014(a).

Further, with respect to Count One, pursuant to 18 U.S.C. § 2259A(a)(3), an additional special assessment of not more than $50,000.00 shall be assessed, as the offense was committed after December 7, 2018, and the offense is for child pornography production as defined in 18 U.S.C. § 2259(c)(1).

With respect to Count Two, pursuant to 18 U.S.C. § 2259A(a)(1), an additional special assessment of not more than $17,000.00 shall be assessed, as the offense was committed after December 7, 2018 and the offense is under § 2252(a)(4).

### V. RESTITUTION

Restitution may be required in this case as to Counts One and Two, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 2259.

As to Count Two, pursuant to 18 U.S.C. § 2259(b)(2)(B), the amount of restitution per victim shall not be less than $3,000.00.

## VI. **FORFEITURE**

As set forth in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

CINDY K. CHUNG
United States Attorney

*/s/ Heidi M. Grogan*
HEIDI M. GROGAN
Assistant U.S. Attorney
PA ID No. 203184